IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:16-CR-173  HEA |
| | ) |
| RUSSELL VINCENT | ) |
| | ) |
| Defendant. | ) |

**MOTION TO DISCLOSE CONFIDENTIAL INFORMANT & SUGGESTIONS IN SUPPORT**

The Defendant ("Mr. Vincent"), through counsel, respectfully requests that this Court order the government or the government's witnesses to disclose the identity of the Confidential Informant (CI) before or during the evidentiary hearing on Mr. Vincent's previously filed *Motion to Suppress Evidence, Statements, & Identification*. In support, Mr. Vincent states the following;

1. As stated in the motion to suppress, the CI's lack of credibility invalidates the search warrant in this case. *See Motion to Suppress Evidence, Statements, & Identification (*Incorporated as if fully set forth herein).

2. Defense counsel anticipates that when he asks the the CI's identity during the hearing, the investigating officer will refuse – or the government will object - and Defense counsel will have to ask the court to order the witness to disclose this information.

3. Other than the CI's allegations, the police had no probable cause to arrest Mr. Vincent.

4. Consequently, the government plans to prosecute its case solely with evidence attributed to the CI. The CI played a prominent role in the government's investigation. However, the government

1

has not disclosed the identity of the CI. Mr. Vincent will therefore be unable to identify or prove suppression issues without disclosure of the CI's identity.

    a. Mr. Vincent has no way of knowing whether the warrant and investigation complied with the United States Constitution, federal statute, or Federal Rule of Criminal Procedure 41.

    b. The basis of a CI's knowledge and his reliability are important factors in deciding whether information in an affidavit supports a finding of probable cause for a search. *Illinois v. Gates,* 462 U.S. 213 (1983). False statements or omissions in a search warrant affidavit can render the rest of the affidavit suppressible, if probable cause could not exist without the CI's information. *See United States v. Bishop*, 264 F.3d 919, 924 (9th Cir. 2001).

    c. Without the CI's identity Mr. Vincent has no way of investigating how much patently false information from the CI was included in the search warrant affidavit, and Mr. Vincent cannot prove the CI's unreliability.

    d. Mr. Vincent has no way of knowing whether the CI facilitated entrapment. *See Roviaro v. United States*, 353 U.S. 53, 64 (1957).

    e. Mr. Vincent has no way of compelling the CI to court for confrontation and cross-examination.

    f. There is simply no evidence whatsoever tying Mr. Vincent to Qur'an's apparent drug trafficking operation, other than the hollow accusations of the CI.

    g. The CI engaged in a controlled buy for the police in procuring the search warrant in this case, and is therefore not a mere "tipster."

5. Nevertheless, Mr. Vincent hereby asserts on his best knowledge and belief that the information provided by the CI in this case was patently false. He further asserts that the CI's false evidence

    at the outset of the investigation lacked reliability – and indeed was motivated by outright malice and deceit - to such an extent that all subsequent government action based upon this information is suppressible as 'fruit of the poisonous tree.' *See Wong Sun v. United States,* 371 U.S. 471 (1963), *United States v. Bishop,* 264 F.3d 919, 924 (9th Cir. 2001).

6. Consequently, Mr. Vincent requests the CI's identity so he may make a substantial showing that (1) the affidavit contains intentional or reckless false statements, and (2) that the affidavit, if purged of its falsities, would not be sufficient to support a finding of probable cause." *Franks v. Delaware*, 438 U.S. 155 (1978).

7. In light of the CI's apparent role in both a criminal enterprise and the investigation of this case, the CI's identity is relevant and helpful to the defense. Disclosure is essential to a fair determination of the case. *See Roviaro*, 353 U.S. 53, 61 (1957).  Mr. Vincent's right to prepare his defense far outweighs the public interest in protecting the flow of information between a criminal informant and the police. *Id.* This is particularly true where, as here, the CI is not a mere anonymous 'tipster', but instead prominently involved with the investigation. *Id.*

8. Consequently, if the above-named evidence and statements are not suppressed, and if the CI is not disclosed to the defense, the government will violate Mr. Vincent's rights to freedom from illegal search and seizure, freedom from self-incrimination, right to counsel, right to confrontation, right to compel witnesses on his own behalf, right to due process, and right to equal protection of the laws as guaranteed by the 4th, 5th, and 6th Amendments to the United States Constitution. Motio

WHEREFORE Mr. Vincent respectfully requests that this Court order the government to disclose the identity of the CI in the search warrant affidavit, and – if necessary – for questions to be answered at the hearing pursuant to *Franks v. Delaware,* 438 U.S. 155 (1978).

Respectfully submitted,

/s/Charles J. Banks
CHARLES J. BANKS
Assistant Federal Public Defender
1010 Market Street, Suite 200
St. Louis, Missouri 63101
Telephone: (314) 241-1255
Fax: (314) 421-3177
E-mail: Charles_Banks@fd.org

ATTORNEY FOR DEFENDANT

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 26, 2016, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon Sayler Fleming, Assistant United States Attorney.

/s/Charles J. Banks
CHARLES J. BANKS
Assistant Federal Public Defender

4